```
            IN THE UNITED STATES DISTRICT COURT FOR THE
                   SOUTHERN DISTRICT OF ALABAMA
                         SOUTHERN DIVISION


MATTHEW S. Sullivan,            :

      Plaintiff,                :

vs.                             :      CIVIL ACTION: 15-0407-KD-M

Sam Cochran, et al.,            :

      Defendants.               :
```

**REPORT AND RECOMMENDATION**

Plaintiff Matthew S. Sullivan, proceeding *pro se* and *in forma pauperis*, filed a complaint under 42 U.S.C. § 1983. This action was referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(a)(2)(R). It is recommended that this action be dismissed without prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) because the claims are either frivolous or fail to state a claim upon which relief may be granted.

**I.    Complaint. (Doc. 1)**

Sullivan filed the current complaint alleging he was denied medical care at Mobile County Jail following an

allergic reaction to wool that occurred on July 17, 2015.[1] (Doc. 1 at 4, 7).  Plaintiff claims he filed two sick call requests for medical attention on July 17 and 20, 2015, respectively, but did not receive medical care for the "welps and bumps and bloches[sic] breaking-out all over [his] back, arms, legs, chest, stomache[sic]." (*Id.*).  He further alleges he submitted grievances regarding the failure to be seen for his skin outbreak on July 22 and 24, 2015, and in response, he was informed that he "would see a doctor/nurse soon."  (Id. at 5-6).  However, Sullivan claims as of July 24, 2015, the date of filing this action, he has yet to receive medical attention for his allergic skin reaction which is described as painful and "very uncomfortable."  (*Id.*).

Plaintiff Sullivan alleges in this § 1983 action that Defendants Mobile County, Alabama Sheriff Sam Cochran, Warden Trey Prince Oliver, III., and Naph Care Health Company violated his constitutional right(s) by failing to provide him medical care following his allergic skin reaction to wool.  He requests the Court order adequate medical care for himself and other inmates and compensation

---

[1] Sullivan has been incarcerated at Mobile County Jail in Mobile, Alabama since May 1, 2015, and is awaiting trial on charges of first degree rape and sex abuse.  (Doc. 1 at 6).

2

in the amount of $5,000.00 to $10,000.00 for pain and suffering.  (*Id*. at 7).

## II.  Standards of Review Under 28 U.S.C. § 1915(e)(2)(B).

Under § 1915(e)(2)(B)(i), a claim may be dismissed as "frivolous where it lacks an arguable basis in law or fact." *Neitzke v. Williams,* 490 U.S. 319, 325, 109 S. Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989).[2]  A claim is frivolous as a matter of law where, *inter alia*, the defendants are immune from suit, *id.* at 327, 109 S. Ct. at 1833, or the claim seeks to enforce a right that clearly does not exist.  *Id.*

Moreover, a complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.  *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997).  To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations must show plausibility.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557, 127 S. Ct. 1955, 1966, 167 L.Ed.2d 929 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court

---

[2]   The frivolity and the failure-to-state-a-claim analysis contained in *Neitzke v. Williams* was unaltered when Congress enacted 28 U.S.C. § 1915(e)(2)(B) in 1996.  *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir.), *cert. denied*, 534 U.S. 1044 (2001).  However, dismissal is now mandatory under § 1915(e)(2)(B).  *Id.* at 1348-49.

to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and must be a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" *Twombly*, 550 U.S. at 555, 557, 127 S. Ct. at 1965, 1966 (second brackets in original). But "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* 556 U.S. at 678, 129 S. Ct. at 1949. Furthermore, when a successful affirmative defense, such as a statute of limitations, appears on the face of a complaint, dismissal for failure to state a claim is also warranted. *Jones v. Bock,* 549 U.S. 199, 215, 127 S. Ct. 910, 920-21, 166 L.Ed.2d 798 (2007).

When considering a *pro se* litigant's allegations, a court gives them a liberal construction holding them to a more lenient standard than those of an attorney. *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 595-596, 30 L.Ed.2d 652 (1972). The court, however, does not have "license . . . to rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action." *GJR Investments v. County of Escambia, Fla.,* 132 F.3d 1359,

4

1369 (11th Cir. 1998), *overruled on other grounds by Randall v. Scott*, 610 F.3d 701, 710 (11th Cir. 2010) (relying on *Iqbal*, 556 U.S. 662, 129 S. Ct. 1937). Furthermore, the court treats as true factual allegations, but it does not treat as true conclusory assertions or a recitation of a cause of action's elements. *Iqbal*, 566 U.S. at 681, 129 S. Ct. at 1951. In addition, a *pro se* litigant "is subject to the relevant law and rules of court including the Federal Rules of Civil Procedure." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir.), *cert. denied*, 493 U.S. 863 (1989).

**III. Analysis.**

    **A.   Complaint is Insufficiently Plead.**

In screening Plaintiff's claims, the Court finds that his factual content is insufficient to establish a § 1983 action. A properly pleaded § 1983 complaint complies with Fed.R.Civ.P. 8(a)'s requirement that a plaintiff plead "'a short and plain statement of the claim that will give the defendant fair notice of what the plaintiff's claim' is and the grounds upon which it rests." *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 168, 113 S. Ct. 1160, 1163, 122 L. Ed. 2d 517 (1993)(quoting *Conley v. Gibson*, 355 U.S. 41, 47, 2 L. Ed. 2d 80, 78 S. Ct. 99 (1957)). "Sufficient detail must be

given so that the defendant, and the Court, can obtain a fair idea of what the plaintiff is complaining, and can see that there is some legal basis for recovery." *L.S.T. v. Crow*, 49 F.3d 679, 684 (11th Cir. 1995); *accord GJR Investments*, 132 F.3d at 1367 (holding that this Circuit has a heightened pleading standard for § 1983 claims which requires that a plaintiff provide specific facts in order to make out his claim). Otherwise, terms that are inherently vague can rest upon a variety of factual scenarios, and thereby deprive the court and a defendant of fair notice of the claim. *Peterson v. Atlanta Housing Auth.*, 998 F.2d 904, 912 (11th Cir. 1993).

In the current action, Sullivan's factual allegations are "an unadorned the-defendant unlawfully-harmed-me accusation[,]" which is not permissible, *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949., or have no bases in law. And the underlying claims are often not even directed to a person who may have actually committed the complained of act, but instead are directed to persons in supervisory positions, and are not associated with an injury. The lack of specific facts prevents the Court from concluding that the claims are facially plausible because the Court cannot "draw the reasonable inference that the defendant is liable for the misconduct alleged," *Iqbal*, 556 U.S. at 678, 129 S.

6

Ct. at 1948, and cannot find that his claims are a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'"  *Twombly*, 550 U.S. at 555, 557, 127 S. Ct. at 1965, 1966 (second brackets in original).

Sullivan gives no indication of what specifically caused his allergic reaction; he simply states he is allergic to wool.  Additionally, he fails to include whether defendants knew he was allergic to wool prior to his skin reaction.  The complaint is void of details as to whether or not he ever informed any officer or staff at Mobile County Jail of his allergy, of his allergic reaction, the duration of the contact dermatitis he experienced, or if he sought to remove the offending, nondisclosed allergen from his presence.  There is further no mention as to how, if at all, the allergic reaction affected Plaintiff's daily life and activities.  In total, Plaintiff's pleading of this claim gives no indication of the source of his allergic reaction (be it a blanket, article of clothing, or single incident contact) or details regarding the onset and progression of the skin reaction.

In order to establish a successful claim, Plaintiff's complaint needed to show that his condition was serious at that time he was denied medical care or that he had an

7

affliction related to his illness that was serious and, therefore, the medical attention of a doctor was warranted. Accordingly, Plaintiff has failed to state a claim upon which relief can be granted in regard to his claim for failure to receive medical care for an uncomfortable skin condition.  Plaintiff's pleading of his claims is vague and conclusory and is, therefore, subject to dismissal. *Fullman v. Graddick*, 739 F.2d 553, 556-57 (11th Cir. 1984).  Even though a court will show leniency to a pro se litigant, "this leniency does not give a court license to serve as de facto counsel for a party . . . , or to re-write an otherwise deficient pleading in order to sustain an action. . . ." (citations omitted)). *GJR Investments, Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998).  Plaintiff's lack of specificity in pleading his claims has prevented him from stating a claim upon which relief can be granted.

    **B.**    **Failure to State a Cognizable Medical Claim.**

"The Eighth Amendment's proscription of cruel and unusual punishments prohibits prison officials from exhibiting deliberate indifference to prisoners' serious medical needs." [3] *Campbell v. Sikes*, 169 F.3d 1353, 1363

---

[3]    As a pretrial detainee, such as Plaintiff, is protected by the Fourteenth Amendment, whereas the Eighth Amendment provides

8

(11th Cir. 1999) (citing *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976)).  In order to demonstrate a denial of medical care in violation of the Eighth Amendment, Sullivan must prove both an objective and subjective component. To meet the objective element, Stinson first must demonstrate the existence of an "objectively serious medical need." *Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003).  A serious medical need is "'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" *Id*. (quoting *Hill v. Dekalb Reg'l Youth Det. Ctr.*, 40 F.3d 1176, 1187 (11th Cir. 1994)).  "In either of these situations, the medical need must be one that, if left unattended, pos[es] a substantial risk of serious harm." *Id*. (internal quotation marks and citation omitted).  The deliberate indifference necessary for a constitutional violation does not include inadvertence or

---

protection to a convicted felon.  *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1582 n.4 (11th Cir. 1995).  However, the legal standards to be applied to a pretrial detainee's Fourteenth Amendment claims and a convicted felon's Eighth Amendment claims are identical in this Circuit.  *Goodman v. Kimbrough*, 718 F.3d 1325, 1331 n.1 (11th Cir. 2013); Belcher v. City of Foley, 30 F.3d 1390, 1396 (11th Cir. 1994); *Hamm v. DeKalb Cnty.*, 774 F.2d 1567, 1574 (11th Cir.), *cert. denied*, 475 U.S. 1096 (1986).

negligence in diagnosing or treating. *Estelle*, 429 U.S. at 106, 97 S. Ct. at 292.

In analyzing whether or not Sullivan suffered a serious medical need that required immediate medical attention, the Court relies on the facts found in his filed complaint. Sullivan's bare allegations are that he is allergic to wool and suffered a skin reaction, assumedly to a wool item, resulting in uncomfortable bumps on his torso and extremities. These facts alone do not indicate a severe injury or medical condition requiring immediate medical treatment. Sullivan does not articulate that he was forced to remain in contact with the offending allergen as to exacerbate his symptoms. He fails to state that the skin reaction caused symptoms which impeded his daily routine or life. The complaint is void of allegations that suggest the skin reaction worsened over time, weakened his overall health, or consisted of anything greater than an itchy, uncomfortable rash consistent with typical contact dermatitis following exposure to a skin allergen or eczema.

Courts have consistently held that skin conditions without other symptoms do not qualify as serious medical needs. *See Sledge v. Kooi*, 564 F.3d 105, 107 (2d. Cir. 2009) (per curiam) (no showing eczema was a serious medical need); *Johnson v. Sullivan*, CV-07-00574-ROS, 2010 U.S.

Dist. LEXIS 72241, 2010 WL 2850787, *2 (E.D. Cal. 2010) (skin condition did not qualify as serious medical need when there was no suggestion skin condition affected inmate's activities or caused him substantial pain); *Witherspoon v. Africa*, JFM-10-1832, 2010 U.S. Dist. LEXIS 113156, 2010 WL 4183508, * 2 (D. Md. 2010) (dry skin and rashes do not comprise serious medical problems); *Thompson v. Carlsen*, 9:08-CV-0965 (FJS/ATB), 2010 U.S. Dist. LEXIS 92749, 2010 WL 3584409, * 6 (N.D.N.Y.) ("Plaintiff's ... dry, cracked and itchy skin ... do[es] not meet the objective standards of a 'serious' medical condition."); *Henderson v. Gordineer*, 3:06-1425-TLW-JRM, 2007 U.S. Dist. LEXIS 19835, 2007 WL 840273, *5 (D.S.C. 2007) (dry skin without more was not a serious medical need). Instead, it requires additional symptoms to raise an untreated, isolated contact dermatitis breakout to the level of a serious medical condition requiring immediate care. *See McKeithan v. Beard*, 322 F.App'x 194, 198 (3d Cir. 2009) ("Although mere 'dry skin' [caused by eczema] may fall short of a serious medical condition," skin that "was so cracked and dry from his condition that it bled and left stains on his shirt" are sufficient to allege a serious medical condition); *McKeithan v. Iannuzzi*, 1:10-CV-1751, 2011 U.S. Dist. LEXIS 146675, 2011 WL 6782305, at *6 (M.D.

Pa. 2011) ("[E]czema can be a serious medical condition when the skin is so cracked and dry that it bleeds."); *Walker v. Cal. Dep't of Corr. & Rehab.*, 1:09-cv-01602-LJO-GSA-PC, 2011 U.S. Dist. LEXIS 132804, 2011 WL 5825929, at *4 (E.D. Cal. 2011) ("Plaintiff has sufficiently shown a serious medical need, based on allegations that she suffered from eczema, with open sores and rashes developing all over her body, causing pain, unbearable itching, and elevated blood pressure."). Thus, without Sullivan articulating specific facts indicating a severe allergic reaction which threated his health and safety more than uncomfortable bumps and rashes, he cannot prevail on his claim. *See Hudson v. McMillian*, 503 U.S. 1, 9, 112 S. Ct. 995, 1000, 117 L. Ed. 2d 156 (1992) ("Because society does not expect that prisoners will have unqualified access to health care, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious.'").

    Assuming *arguendo*, for purposes of this motion, that Sullivan had demonstrated an "objectively serious medical need" satisfying the first component of his Eighth Amendment claim, he would fail to demonstrate the necessary subjective element of his claim, that is, whether

Defendants acted "with a sufficiently culpable state of mind." *Sims*, 25 F.3d at 983-84 (citation omitted).

In order to constitute "deliberate indifference," Defendants must have known of and disregarded an excessive risk to Sullivan's health. *Farrow*, 320 F.3d at 1245. The record is void, however, of evidence suggesting Defendants knew of a risk to Sullivan or even should have known of a significant risk to Sullivan and disregarded it. Sullivan presents no statements by any named defendants or unnamed officers or staff that they knew Sullivan needed medical treatment for a severe allergic reaction and purposefully denied him care. In fact, Sullivan submits that in response to his filed grievance(s) he was informed that he would be seen by a doctor or nurse but filed this complaint because he had to yet receive medical care. Thereby, the record confirms defendants were not deliberately indifferent to Sullivan's medical needs, and at worst, defendants were negligent in not following through with providing the care assured. *See Harris v. Thigpen*, 941 F.2d 1495, 1505 (11th Cir. 1991) ("Mere incidents of negligence or malpractice do not rise to the level of constitutional violations."); *Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1308 (11th Cir. 2009) ("While the deputies may have made an error in judgment, mere negligence or a mistake in judgment

13

does not rise to the level of deliberate indifference. Plaintiffs' showing that harm resulted, without more, cannot carry the burden required for deliberate indifference.").

Plaintiff Sullivan was without medical treatment for his allergic reaction for seven days prior to filing this action.  It is unknown to the Court as to whether or not Sullivan has received treatment to date.  With that in mind, the Court notes that at the time of filing, Plaintiff has failed to establish any claim as to delay of receipt of medical care.  Sullivan has the burden of establishing that he suffered a significant effect from any delay of treatment.  *See Hill, supra*, 40 F.3d at 1188.  "An inmate who complains that delay in medical treatment rose to a constitutional violation must place verifying medical evidence in the record to establish the detrimental effect of delay in medical treatment to succeed."  *Id*.  "[D]elay in medical treatment must be interpreted in the context of the seriousness of the medical need, deciding whether the delay worsened the medical condition, and considering the reason for delay."  *Hill*, 40 F.3d at 1189.

Sullivan has not proffered any "verifying medical evidence" showing that the delay in medical treatment resulted in the diminishment of his physical or mental

14

health. *Hill*, 40 F.3d at 1188. The absence of such evidence or even claim that his skin condition worsened further undermines a finding that Defendants were deliberately indifferent to Sullivan's medical needs. While "[d]elay in access to medical attention can violate the Eighth Amendment . . . when it is tantamount to unnecessary and wanton infliction of pain," *Hill*, 40 F.3d at 1187, the record in this case simply does not show such. In fact, the complaint in this action is completely void of details demonstrating a serious medical need or that any delay in receiving medical treatment rose to a constitutional level.

Thus, the Court determines that Sullivan has failed to establish both the objective and subjective elements of his Eighth Amendment medical care claim, and the undersigned recommends dismissal of Sullivan's action without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

**IV. Conclusion.**

Based upon the foregoing reasons, it is recommended that this action be dismissed without prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) because Plaintiff's claims are either frivolous or fail to state a claim upon which relief may be granted.

## **NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court.  *See* 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b); S.D. Ala. L.R. 72.4. The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."  11th Cir. R. 3-1.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely

16

incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this 25th day of November, 2015.

                                        <u>s/BERT W. MILLING, JR.</u>
                                        UNITED STATES MAGISTRATE JUDGE